**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kenyetta Shariff FIELDS,
Defendant–Appellant.**

No. 00–6491.

United States Court of Appeals,
Sixth Circuit.

June 15, 2001.

Before MARTIN, Chief Judge; NORRIS, Circuit Judge; QUIST, District Judge.*

Kenyetta Shariff Fields, a federal prisoner, appeals a district court judgment imposed following his guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Fields was indicted on nine counts of making a material false statement to a licensed firearms dealer and nine counts of

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

being a felon in possession of a firearm. He moved for dismissal of the indictment on the ground that the predicate offense upon which each count was based, a 1985 Michigan conviction for larceny of a building, was committed when he was 17 years old and, thus, a minor. A magistrate judge conducted a hearing after which he recommended that the motion to dismiss be denied because, under Michigan law, Fields was convicted as an adult and state law is controlling for purposes of finding a predicate felony offense under § 922(g)(1). The district court overruled Fields's objection, adopted the magistrate judge's report, and denied the motion to dismiss. Thereafter, Fields entered a conditional guilty plea to the single count described above pursuant to a written plea agreement. The agreement reserved his right to appeal the denial of his motion to dismiss the indictment, but waived his right to appeal or bring a collateral attack based on any issue not specifically reserved, with the exceptions of ineffective assistance of counsel and prosecutorial misconduct. The district court sentenced Fields on October 16, 2000, to 30 months in prison and three years of supervised release. The judgment was entered on October 25, 2000.

Fields's court-appointed counsel has filed a brief on appeal and also a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After a review of the record, counsel was of the opinion that there were no meritorious grounds for appeal, but did raise the following issue, preserved for review: whether the district court erred in refusing to dismiss the indictment where the predicate felony offense was a state court sentence entered before Fields's eighteenth birthday. Fields was notified of his right to respond

to his attorney's *Anders* brief, but no response has been received by this court.

Upon review, we grant counsel's motion to withdraw because he has filed an acceptable *Anders* brief that concludes, after a review of the entire record, that there are no meritorious grounds for relief and raises the only issue he determined to be arguable. We conclude that the district court did not err in denying Fields's motion to dismiss the indictment for the reason stated in its order denying the motion.

Accordingly, counsel's motion to withdraw is granted. The district court's judgment, entered on October 25, 2000, is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.